**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Eric J. Sherman,                        Case No. 3:11-CV-01722

       Plaintiff

v.                                         **ORDER**

Commissioner of Social Security,

       Defendant

In this appeal, I review defendant Commissioner of Social Security's (Commissioner) final decision denying plaintiff Eric J. Sherman's claims for disability insurance benefits (DIB) under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 416(i) and 423.

Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

Plaintiff objects [Doc. 19] to the Magistrate Judge's Report and Recommendation (Magistrate's Report) [Doc. 18], which recommends affirming the administrative law judge's (ALJ) decision. Based on a *de novo* review of the record, I overrule plaintiff's objections.

**Background**

On September 10, 2007, Sherman filed an application for Disability Insurance Benefits (DIB), alleging a disability onset date of July 1, 2005[1] due to lower back problems. His application was denied initially and upon reconsideration. Sherman timely requested an administrative hearing.

On May 20, 2010, an Administrative Law Judge held a hearing during which Sherman, represented by counsel, appeared and testified. Medical Expert Dr. Paul Gatens, M.D., and Vocational Expert Dr. Richard Astrike, Ph.D., also testified. On October 27, 2010, a supplemental hearing was held with plaintiff again testifying; Vocational Expert Carl Hartung also testified.

On January 3, 2011, the ALJ found that Sherman was able to perform a significant number of jobs in the national economy, and was therefore not disabled. The Appeals Council denied further review, making the ALJ's decision the final decision of the SSA.

Sherman then filed an appeal to this court. Magistrate Judge Vernelis K. Armstrong issued a Report and Recommendation that the Commissioner's decision be upheld.

**Standard for Disability**

The standard for disability under both the DIB and SSI programs is substantially similar. 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. To determine disability, the ALJ engages in a sequential, five-step evaluative process. The ALJ considers whether: 1) the claimant is engaged in work that constitutes substantial gainful activity; 2) the claimant is severely impaired; 3) the claimant's impairment meets or equals the Secretary's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1; 4) claimant can perform past relevant work; and 5) other jobs exist in significant numbers to accommodate claimant if claimant cannot perform his past relevant work, given his residual functional capacity (RFC), age, education and past work experience. 20 C.F.R. § 404.1520.

---

[1] Sherman initially alleged a disability onset date of August 6, 2003, but later amended it at the initial hearing before the Social Security Administration.

The claimant bears the burden of proof at steps one through four, after which the burden shifts to the Commissioner at step five. *Id.* at § 404.1520(a)(4).

## ALJ Findings

In his decision on January 23, 2011, the ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2009.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 1, 2005 through his date last insured of March 31, 2009 (20 CFR 404.1571 et seq.).
>
> 3. Through the date last insured, the claimant had the following severe impairments: cervical disk disease and cervical degenerative joint disease status post cervical diskectomy and fusion at C5-C7 surgery in November 2008; lumbar disk disease and lumbar degenerative joint disease status post lumbar fusion surgery in July 2005; alcohol abuse and depression (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. Through the date last insured, the claimant had the residual functional capacity to perform less than the full-range of sedentary work as defined in 20 CFR 404.1567(a) with the following abilities and limitations: (1) able to lift and carry 20 pounds occasionally and 10 pounds frequently; (2) able to sit 1 hour at a time for a total of 6 hours in an 8-hour workday; (3) able to stand and/or walk for 30-45 minutes at a time for a total of 5 hours in an 8-hour workday; (4) precluded from climbing or high work; (5) able to occasionally crawl, stoop, kneel, and crouch; (6) precluded from driving in the work place and working around hazardous moving machinery; (7) limited to receiving verbal instructions only; (8) limited to work involving simple instruction and simple tasks.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on August 17, 1975 and was 33 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

> 8. The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 1, 2005, the amended alleged onset date, through March 31, 2009, the date last insured.

The Magistrate recommends affirming the decision of the Commissioner.

### Standard of Review

When reviewing the Magistrate's Report, I make a *de novo* determination regarding the portions to which the Commissioner objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings, and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I "may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

## Discussion

The Magistrate Judge recommends I affirm the Commissioner's decisions, as it was supported by substantial evidence. Sherman objects to this recommendation, arguing that the Magistrate erred in assessing the opinion of Dr. Stephanie A. Matuszak, a treating physician.

Dr. Matuszak treated Sherman starting in 2003 through much of 2006, particularly following Sherman's July 2005 back surgery. Magistrate Armstrong summarized Dr. Matuszak's opinions as follows:

> [H]er examinations consistently found reduced range of motion in [Sherman's] lumbar spine, tenderness and spasm; and a subsequent MRI of [Sherman's] lumbar spine was noted to have epidural fibrosis and scarring. Dr. Matuszak opined that Plaintiff suffered from a failed back syndrome. On November 16, 2006, Dr. Matuszak reported that Plaintiff was released to work with restrictions and she further opined that Plaintiff could not lift or carry anything over five pounds, he must be allowed to change positions as needed and would be limited to twenty-one hours per week.

(Doc. 18 at 24) (internal record citations omitted).

The treating physician rule requires the ALJ "to 'give good reasons' for not giving weight to a treating physician in the context of a disability determination." *Wilson v. Comm'r of Soc. Sec.*, 378 F3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).

> An ALJ must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion.

*Id.* (quoting 20 C.F.R. § 404.1527(d)(2)).

Sherman argues that the ALJ has not fulfilled these procedural requirements, noting that the ALJ did not once refer to Dr. Matuszak by her name, or specifically cite to the length, nature, and extent of the treating relationship. While this is true, as the Magistrate pointed out, this fact is not wholly dispositive of whether the ALJ gave sufficient reasons on the record for rejecting the treating physician's opinion.

The Sixth Circuit has stated that where an ALJ does not strictly comply with the procedural requirements contained in 20 C.F.R. § 404.1527(d)(2), such an error can be excused "where the decision has met the goal of § 1527(d)(2)." *Francis v. Comm'r of Soc. Sec. Admin.*, 414 Fed. App'x 802, 805 (6th Cir. 2011) (unpublished disposition) (quoting *Wilson*, *supra*, 378 F.3d at 547). The goals of giving "good reasons" are two-fold: first, "to let claimants understand the disposition of their cases"; and second, to "ensure[] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (quoting *Wilson*, *supra*, 378 F.3d at 544).

I agree with the Magistrate's determination that the ALJ's discussion of the treating physicians' opinions is sufficient to meet these goals. The ALJ credited Dr. Matuszak's opinions when he acknowledged that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," specifically referencing Dr. Matuszak's examinations after Sherman underwent lumbar fusion surgery in 2005, where Dr. Matuszak made "findings that the claimant has decreased range of motion and tenderness to palpitation in his neck and back, positive straight leg raising tests, and a stiff gait." [Doc. 12 at 18].

The ALJ then went on to further credit Dr. Matuszak's observations of Sherman's improvement, noting that Sherman's objective examinations were progressing along with his ability to handle certain types of work. [*Id.*] The ALJ's only point of differentiation between the ALJ's final RFC findings and Dr. Matuszak's conclusions were the amount of weight Sherman could handle lifting and carrying. This difference is more than explained by the ALJ's extensive review and recitation of findings in the record from both objective and subjective medical evidence.

This is not a situation "where [the] claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not[.]'" *Wilson*, *supra*, 178 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). The ALJ reviewed Dr. Matuszak's opinions and met the goals of § 1527(d)(2) by making sufficient reference to the other medical evidence in the record in explaining why he granted "little weight" to the treating physicians' opinions. I agree with the Magistrate's determination that this is so.

Accordingly, for the foregoing reasons, it is hereby:

ORDERED THAT:

7

1. The Commissioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is, adopted, and the final decision of the Commissioner is affirmed.

So ordered.

/s/James G. Carr
James G. Carr
Sr. United States District Judge